JOHN O'CONNOR
O'Connor & Associates
One Embarcadero Center, Suite 1020
San Francisco, CA 94111
Telephone: 415-693-9960
Facsimile: 415-981-0222

BRUCE A. SINGAL
MICHELLE R. PEIRCE
DAMIEN C. POWELL
Donoghue, Barrett & Singal, P.C.
One Beacon Street
Boston, MA 02108
Telephone: (617) 720-5090
Facsimile: (617) 720-5092

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P., <br><br> Plaintiff(s), <br><br> v. <br><br> JOHN W. MURPHY, <br><br> Defendant(s). | NO. 07-03737 <br><br> **DEFENDANT JOHN W. MURPHY'S RESPONSE TO COMPLAINT FOR BREACH OF PARTNERSHIP AGREEMENT AND DEMAND FOR TRIAL BY JURY** |

Defendant John W. Murphy responds to the numbered paragraphs of the Complaint as follows:

1. This paragraph sets forth conclusions of law to which no reply is necessary. To the extent this paragraph can be read as including factual allegations, those allegations are denied.

2. This paragraph sets forth conclusions of law to which no reply is necessary. To the extent this paragraph can be read as including factual allegations, those allegations are denied.

3. This paragraph sets forth conclusions of law to which no reply is necessary. To the extent this paragraph can be read as including factual allegations, those allegations are denied.

1 | This paragraph alleges facts that are not within defendant's knowledge.

2 |     4.    Defendant admits the first two sentences in this paragraph. The remainder of this paragraph sets forth conclusions of law to which no reply is necessary. To the extent this paragraph can be read as including factual allegations, those allegations are denied.

    5.    Defendant admits that he resides in Harwich, Massachusetts.

    6.    Admitted.

    7.    Admitted.

    8.    Defendant admits the dates and language in this paragraph, but states that the document speaks for itself.

    9.    Defendant admits the dates and language in this paragraph, but states that the document speaks for itself.

    10.    This paragraph sets forth conclusions of law to which no reply is necessary. To the extent this paragraph can be read as including factual allegations, those allegations are denied.

    11.    Defendant is without sufficient knowledge and information concerning the information contained in Prospero's books and records.

    12.    Admitted.

    13.    Admitted.

    14.    Defendant admits the dates and language in this paragraph, but states that the document speaks for itself.

    15.    Defendant incorporates his responses as set forth in Paragraphs 1 through 14 above.

    16.    Denied.

    17.    Denied.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Plaintiff breached the Implied Covenant of Good Faith and Fair Dealing, by among other things, failing to provide Prospero an opportunity to cure.

SECOND AFFIRMATIVE DEFENSE

Plaintiff acted in bad faith and with unclean hands.

THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from enforcing the contract because, among other reasons, it took actions and made statements that were relied on by Prospero and defendant to their detriment.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff breached its fiduciary duties.

FIFTH AFFIRMATIVE DEFENSE

SBA regulations (13 C.F.R. § 107.500 et. seq.), which are incorporated into the contract and which were relied on by SBA, are invalid because they do not further the purpose of the SBIC statute (15 U.S.C. §§ 661-697g).

SIXTH AFFIRMATIVE DEFENSE

SBA regulations are vague, ambiguous and unenforceable under the due process clause of the United States Constitution.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's actions are ultra vires.

Dated: October 18, 2007

O'CONNOR & ASSOCIATES

By: _____
John O'Connor
Attorneys for Defendant,
JOHN W. MURPHY

DONOGHUE, BARRETT & SINGAL, P.C.
Bruce A. Singal
Michelle R. Peirce
Damien C. Powell
Attorneys for Defendant,
JOHN W. MURPHY