JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P.,<br><br>Plaintiff(s),<br><br>v.<br><br>JOHN M. MURPHY,<br><br>Defendant(s). | NO.    C 07-03737 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |

**The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.**

### DESCRIPTION OF THE CASE

**1.     A brief description of the events underlying the action:**
On April 1, 1999, PROSPERO VENTURES, L.P., ("PROSPERO") and JOHN M. MURPHY ("MURPHY") entered into a written Partnership Agreement which was modified on or about September 10, 1999. Pursuant to the Agreement, MURPHY offered to contribute $935,644. MURPHY subsequently made a payment of $467,822.

On or about November 10, 2004, PLAINTIFF notified DEFENDANT that PROSPERO had been ordered into receivership, that the SBA had been appointed Receiver of PROSPERO, and that the Receiver had taken over the control of the assets and operations of PROSPERO. On or about February 9, 2005, PLAINTIFF demanded payment in the amount of $467,822 by March 18, 2005. MURPHY did not make any payment in response to the demand.

PLAINTIFF contends that MURPHY has breached the Partnership Agreement by failing to pay the second half of the capital commitment; therefore, MURPHY is indebted to PLAINTIFF in the sum of $467,822, plus interest. MURPHY denies that he is indebted to the PLAINTIFF and denies that his conduct constitutes a breach of the Partnership Agreement. MURPHY raises numerous affirmative defenses.

**2.     The principal factual issues which the parties dispute:**
The principal disputed factual issues are as follows: (1) whether MURPHY paid the second half of the capital commitment in the amount of $467,822, (2) whether MURPHY owes PLAINTIFF $467,822, plus interest; (3) whether PLAINTIFF failed to give PROSPERO and MURPHY an opportunity to cure; (4) whether PLAINTIFF acted in bad faith; (5) whether PLAINTIFF mitigated its damages; and, (6) whether PLAINTIFF took actions or made statements that were relied upon by PROSPERO and MURPHY to their detriment.

**3.     The principal legal issues which the parties dispute:**

The principal legal issues are (1) whether MURPHY breached the Partnership Agreement when he failed to pay $467.822 despite demand; (2) whether MURPHY is indebted to PLAINTIFF in the sum of $467.822 together with interest; (3) whether PLAINTIFF breached the Implied Covenant of Good Faith and Fair Dealing; (4) whether PLAINTIFF acted in bad faith and with unclean hands; (5) whether PLAINTIFF is estopped from enforcing the contract; (6) whether PLAINTIFF breached its fiduciary duties; (7) whether the SBA regulations are invalid; (8) whether the SBA regulations are vague, ambiguous, and unenforceable; (9) whether PLAINTIFF failed to mitigate its damages; and, (10) whether PLAINTIFF's actions are ultra vires.

**4.     The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no other factual issues of which the parties are aware.

**5.     The parties which have not been served and the reasons:**

All parties have been served and have appeared.

**6.     The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

**7.     The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

The parties do not consent to assignment of the case to a United States Magistrate Judge for jury trial.

**ALTERNATIVE DISPUTE RESOLUTION**

**8.     *[Please indicate the appropriate response(s).]***

❑     **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

XX     **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** (specify process):
The parties have agreed to mediate this matter pursuant to this Court's ADR program. The Stipulation and Agreement to Mediate was filed on November 2, 2007. The parties have agreed to an acceptable list of five (5) mediators.

❑     **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for** _____.

❑     **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is** _____.

**9.     Please indicate any other information regarding ADR process or deadline.**

## DISCLOSURES

**10.    The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]*:

PROSPERO provided its initial disclosures on November 20, 2007.
MURPHY will make his initial discovery disclosures by November 30, 2007.

## DISCOVERY

11.    The parties previously agreed to the following discovery plan:

### A.    INTERROGATORIES

    1.    **By Plaintiff:**
        a.    Interrogatories to obtain additional information.
        b.    Approximately 20 to 25 interrogatories.
        c.    Interrogatories will be served by February 15, 2008.

    2.    **By MURPHY:**
        a.    Interrogatories to obtain additional information.
        b.    Approximately 20 to 25 interrogatories.
        c.    Interrogatories will be served by March 15, 2008.

### B.    REQUESTS FOR ADMISSIONS

    1.    **By Plaintiff:**
        a.    Request for Admissions of Fact and Genuineness of Documents.
        b.    Requests will be served by February 15, 2008.
        c.    Approximately 15 requests for admissions of genuineness of documents to each defendant.
        d.    Approximately 15 to 20 requests for admissions of fact.

    2.    **By MURPHY:**
        a.    Request for Admissions of Fact and Genuineness of Documents.
        b.    Requests will be served by March 15, 2008.
        c.    Approximately 15 requests for admissions of genuineness of documents to each plaintiff.
        d.    Approximately 15 to 20 requests for admissions of fact.

### C.    REQUESTS FOR PRODUCTION OF DOCUMENTS

    1.    **By Plaintiff:**
        a.    Request production of documents disclosed by defendants in their Rule 26 disclosure, as well as other documents that are relevant to a claim or defense.
        b.    Requests will be served by February 15, 2008.

    2.    **By MURPHY:**
        a.    Request production of documents disclosed by plaintiffs in their Rule 26 disclosure, as well as other documents that are relevant to a claim or defense.
        b.    Requests will be served by March 15, 2008.

**D.    EXPERT DISCOVERY**

The parties believe that all non-expert discovery can be completed by May 15, 2008, and expert discovery completed by June 2008.

**E.    DEPOSITIONS**

    **1.    By Plaintiff:**

        a.    PLAINTIFF intends to depose JOHN M. MURPHY. This deposition will likely take no more than two, eight hour days.

        b.    PLAINTIFF reserves the right to depose additional witnesses as may be identified through discovery.

    **2.    By MURPHY:**

        a.    JOHN M. MURPHY intends to depose the person designated as a Representative of PLAINTIFF. This deposition will likely take no more than two, eight hour days.

        b.    JOHN M. MURPHY reserves the right to depose additional witnesses as may be identified through discovery.

    **3.    Time Estimate:**  Both parties estimate that the above identified depositions can be completed by April 15, 2008.

### TRIAL SCHEDULE

**12.    The parties previously agreed upon a trial date as follows:**

The parties estimated a three (3) day trial.

### COLEMAN & HOROWITT, LLP

Dated: November 20, 2007

**DARRYL J. HOROWITT**
**Attorneys for Plaintiff,** U.S. SMALL BUSINESS
ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P.

/s/

### O'CONNOR & ASSOCIATES

/S/

Dated: November 20, 2007

**JOHN O'CONNOR**
**Attorney for Defendant,** JOHN M. MURPHY

### CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders as follows:

Dated: _____

_____
**UNITED STATES DISTRICT JUDGE**

## PROOF OF SERVICE

I declare that I am a citizen of the United States of America and a resident of the County of Fresno. I am over the age of eighteen (18) years and not a party to the within action. My business address is 499 West Shaw, Suite 116, Fresno, California 93704.

On November 20, 2007, I served the foregoing document(s) described as **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** on the interested parties, addressed as stated on the attached service list.

[x]     BY MAIL - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firm's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with United States Postal Service on that same day in the ordinary course of business.

[x]     BY CALIFORNIA OVERNIGHT - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope for delivery via California Overnight next day delivery to the addressee noted above.

[]     BY HAND DELIVERY - by delivering by hand and leaving a true copy with the person and at the address shown above.

[]     BY FACSIMILE TRANSMISSION - by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated on the attached service list.

[]     STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x]     FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on November 20, 2007, at Fresno, California.

_Lisa R Barr_

Lisa R. Barr

1

## Service List

**Via Mail and Electronic Mail:**

Bruce A. Singal, Esq.
Donoghue Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108-3113
E-Mail: bsingal@dbslawfirm.com

Attorneys for Defendants,
John W. Murphy

**Via California Overnight:**

## Chambers Copies

Hon. Susan Illston
U.S. District Court, Northern District
450 Golden Gate Avenue
16th Floor, #1111
San Francisco, CA 94102